# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09cr105-1

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| GARVIN A. HARRIS, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on the joint Motion for Reconsideration Regarding Discovery Order (#21). In such motion, the parties state that certain documents cannot be copied under the government's open-file policy and seek reconsideration of the court's previous Order (#20). While the parties accurately quote the court's previous Order requiring counsel for defendant to send a copy of his file to his client, neither counsel for the government nor counsel for defendant reflect the court's footnote, which allowed the precise relief the parties herein seek. Specifically, such footnote provided, as follows:

> <u>Such copying is, of course, subject to</u> paragraph 22 of the Standard Criminal Discovery Order (#7) entered in this case concerning return of certain documents to the government, <u>any agreement between the parties under the Open-File Policy</u>, and the Protective Order found at paragraph 21 of such Standard Discovery Order.

Order (#20), at f.n. 1 (emphasis added). Without an *accurate* portrayal of the previous Order, the joint motion would lead an uninformed reader to believe that the court was unaware of the standard, open-file policy of the United States Attorney in this district. Thus, this part of the joint request will be denied as moot inasmuch as the very relief sought was previously granted.

Counsel for defendant also seeks relief from having to provide his client with a copy

of other parts of his file, stating that such copy was provided prior to November 15, 2010, by mailing a copy to FCI-Phoenix where his client is presently housed. While the court has no reason to doubt that counsel mailed a copy of his client's file as requested and required by the North Carolina Rules of Professional Conduct, the court also has no reason to doubt defendant's representation to this court that he does not have such files and is in need of such materials to pursue collateral review. Weighing such need against the inconvenience to counsel, the scale is firmly tipped in favor of ensuring that defendant has such documents. It is not beyond the realm of belief that mail can be lost in transit or that a defendant can lose important legal papers while incarcerated. Rather than continue this volley in court, the court believes it would be a better use of everyone's time for Mr. Slawinski to simply send another copy to defendant in a manner which the receipt can be verified.

## ORDER

**IT IS, THEREFORE, ORDERED** that the joint Motion for Reconsideration Regarding Discovery Order (#21) is **DENIED** in part as moot and is otherwise **DENIED** as defendant has shown a need for a copy of the unrestricted portions of his file.

Again, upon completion of the task, Mr. Slawinski shall file a notice with this court indicating his compliance with the Order and may at that time file a notice of withdrawal if he deems such action appropriate.

Signed: September 16, 2011

Max O. Cogburn Jr.
United States District Judge