**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL CASE NO. 3:11CV563-MR**
**[CRIMINAL CASE NO. 3:09CR105]**

| | | |
|---|---|---|
| **GARVIN ALEXANDER HARRIS,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence filed pursuant to 28 U.S.C. § 2255. [Doc. 1]. For the reasons that follow, Petitioner's Motion is dismissed.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On June 6, 2009, Petitioner was charged in a one-count Bill of Indictment by the Grand Jury sitting in the Western District of North Carolina with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 3:09CR105, Doc. 5]. On August 6, 2009, Petitioner appeared with counsel before the Magistrate Judge for his Rule 11 hearing, and entered a plea of guilty to the charge in the indictment

1

without the benefit of a Plea Agreement. [Id., Doc. 8]. Following the standard Rule 11 colloquy, the Magistrate Judge accepted Petitioner's plea of guilty to the sole count of the indictment. [Id.]. On August 25, 2010, Petitioner appeared with counsel before the Court for his sentencing hearing. Following argument by counsel, and a lengthy allocution by Petitioner, the Court announced an active sentence of 86-months imprisonment. On September 11, 2010, the Court entered a Judgment memorializing the 86-months imprisonment. [Id., Doc. 15]. The Petitioner did not file a Notice of Appeal from the Court's Judgment.

On November 7, 2011, Petitioner filed the instant Motion seeking relief under 28 U.S.C. § 2255. [Civil Case No. 2:12CV16, Doc. 1]. The Court conducted an initial review of Petitioner's Motion and found that on October 27, 2011, the Petitioner signed his Section 2255 Motion under penalty of perjury, [Doc. 1 at 6], and a copy of the mailing certificate shows that prison authorities mailed the motion on October 28, 2011. [Doc. 1-1]. The Court therefore found October 27, 2011 to be the date the Petitioner delivered his motion to prison authorities for mailing. United States v. Belcher, 53 F. App'x 308 (4th Cir. 2002) . [Doc. 2 at 2]. After examining the record in his criminal case, and date of judgment, the Court noted that

Petitioner's Motion may have been untimely filed and thereafter issued an Order and Notice to Petitioner, pursuant to <u>Hill v. Braxton</u>, 277 F.3d 701, 707 (2002), to show cause why his § 2255 Motion should not be dismissed as being untimely under 28 U.S.C. § 2255(f). On December 27, 2011, Petitioner filed his response addressing the issue of timeliness and this matter is now ready for resolution. [Doc. 3].

## II.   DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the  filing of a motion to vacate. The limitation period runs from the latest of:

> (1)    the date on which the judgment of conviction becomes final;
>
> (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making motion by such governmental action;
>
> (3)    the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4)    the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner did not file an appeal from his conviction and sentence. As a result, his conviction became final 14 days after entry of the Judgment in his criminal case, that is, on September 27, 2010. Fed. R. App. P. 4(b)(1)(A)(i). Section 2255(f)(1) provides that the statute of "limitation period shall run from . . . the date on which the judgment of conviction becomes final." Therefore, absent equitable tolling, the Petitioner's motion is untimely. Holland v. Florida, ____U.S. ___, 130 S. Ct. 2549, 2554, 177 L.E.2d 130 (2010) (equitable tolling applies to the AEDPA's statute of limitations).

In order to be entitled to equitable tolling, the Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562. In his Response, Petitioner concedes that his Section 2255 Petition is untimely but explains that this fact should be excused because of acts and omissions of his trial counsel and the Respondent. [Civil Case No. 3:11CV563, Doc. 3 at 1-2].

After his conviction, Petitioner was remanded to the custody of the U.S. Marshal to begin serving his sentence. On October 28, 2010, Petitioner was assigned to Phoenix Federal Correctional Institution ("FCI") in Arizona. [Criminal Case No. 3:09CR105, Doc. 18: Judgment Returned Executed at 1]. On April 8, 2011, Petitioner filed a pro se Motion seeking a court order compelling his trial counsel to produce a complete copy of Petitioner's criminal case file. [Id., Doc. 19]. According to his Motion, Petitioner sent several letters to his trial counsel prior to filing his Motion, and therein urged that he needed the case file in order to "assess the feasibility of presenting a collateral attack upon the conviction and/or sentence he received in this matter." [Id. at 2]. On August 11, 2011, the Court entered an Order requiring Petitioner's trial counsel to provide Petitioner with a complete copy of his criminal case file excepting only the certain documents which were covered by the Standard Criminal Discovery Order. [See Doc. 7:Standard Criminal Discovery Order ¶¶ 21-22; Doc. 20: Order Granting Production of File, at 2 n.3]. On September 14, 2011, Petitioner's trial counsel and the Respondent filed a "Joint Motion for Reconsideration Regarding Discovery Order." [Doc. 21]. In this Motion, the joint movants argued that producing a complete copy of Petitioner's

criminal case file could endanger the well-being of witnesses because the file could contain information "about witnesses and cooperating defendants that a defendant could circulate throughout the jail and through the public outside, creating possible safety risks for those named and described." [Id. at 2]. On September 16, 2011, the Court entered an Order denying in part as moot and otherwise denying the Joint Motion. [Doc. 22]. The Court found that the joint movants had failed to carefully read the Court's Order Granting Production of File, specifically, footnote 3 on page 2. The Court concluded that the concern of the joint movants was unjustified in light of the fact that the very material they sought to exclude from production to Petitioner was, in fact, already excluded by the Court's Order Granting Production of File. [Id. at 1]. The Court noted that Petitioner's trial counsel, as an officer of the court, stated that he had already sent a copy of Petitioner's criminal case file to him, save for the excluded information. The Court had no reason to question the veracity of this assertion, but in an effort to ensure Petitioner had access to his redacted criminal case file, the Court ordered Petitioner's trial counsel to send another copy in a manner which could be verified by receipt. [Id. at 2]. Petitioner's trial counsel immediately complied with the Order and filed a receipt with the Court

which showed that trial counsel sent Petitioner a copy of his criminal case file on September 16, 2011, via Federal Express, to his address at the Phoenix FCI. [Doc. 23 at 1-2; Doc. 23-1 at 1]. In his Response, Petitioner does not indicate on what date he received the package via Federal Express, but a search of the Federal Express website shows that a package bearing the tracking number filed with the Court, [Doc. 23-1 at 1: Tracking Number: 795195487196], was delivered on September 19, 2011, at 9:45 a.m. in Phoenix, Arizona. Petitioner does not contend that he did not receive the package and the Court will find that he did in fact receive the package on or about September 19, 2011.

In order for Petitioner's Section 2255 Motion to be timely under Section 2255(f)(1), it must have been filed, that is, delivered to prison officials for mailing to the clerk of court, no later than one year following the date his conviction and sentence became final, September 27, 2010. As noted herein, Petitioner's Section 2255 Motion was filed on October 27, 2011. In terms of compliance with Section 2255(f)(1), Petitioner's § 2255 Motion is untimely and should be dismissed unless equitable tolling can excuse the fact that Petitioner filed his § 2255 Motion one month late.

The remedy of equitable tolling can be applied to excuse Petitioner's

otherwise untimely with the proper set of facts. Holland, 130 S. Ct. at 2554. The Court is mindful though that this remedy is available only in "those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)), cert. denied 541 U.S. 905, 124 S.Ct. 1605, 158 L.Ed.2d 248 (2004). In order to demonstrate entitlement to equitable tolling, a petitioner must present "(1) extraordinary circumstances; (2) beyond his control or external to his own conduct; (3) that prevented him from filing on time" and that he exercised "reasonable diligence in investigating and bringing [the] claims." Miller v. New Jersey State Dept. Corr., 145 F.3d 616, 617 (3rd Cir. 1998); United States v. Oriakhi, F. App'x 976 (4th Cir. 2010) (quoting Holland, 130 S.Ct. at 2562-65); United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000) (finding a prisoner must be precluded from compliance by circumstances external to his own conduct).

Returning to the present case, Petitioner's Section 2255 Motion was filed one month after the expiration of the one-year statute of limitations period. § 2255(f)(1). The Court notes that Petitioner was given a specific

opportunity to explain why his Section 2255 Motion should not be summarily dismissed as being untimely filed. [Civil Case No. 3:11CV563, Doc. 2 at 5]. Yet, in his Response, while providing detailed reasons why he needed a copy of his criminal case file – to prepare a possible collateral challenge to his conviction and/or sentence – and while providing a detailed time-line of his efforts to secure a copy of his criminal case file, Petitioner failed to acknowledge the date he actually received his criminal case file. It is apparent from the Federal Express delivery receipt that Petitioner's criminal case file was received at the Phoenix FCI on or about September 19, 2011, and it is reasonable to conclude Petitioner took possession of the file on or about that date. The Petitioner therefore had possession of his file for approximately ten days before his Section 2255 Motion must have been delivered to prison authorities for mailing to the clerk of court.

In Petitioner's § 2255 Motion, he argues that his trial counsel provided ineffective assistance of counsel by advising Petitioner that if he entered a plea of guilty to the one-count in the Bill of Indictment, Petitioner would be sentenced to no more than 70 months imprisonment. [Civil Case. No. 3:11CV563, Doc. 1 at 4]. Petitioner contends that but for his trial counsel's assurance of a 70-month term of imprisonment, he would have

elected to plead not guilty and proceeded to trial. [Id. at 4]. Petitioner also states that his trial counsel should have obtained a written agreement under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure which would have  memorialized the agreement which Petitioner intimates was an agreement regarding sentencing reached between his trial counsel and the Government. [Id.]. Petitioner attaches an Affidavit to his § 2255 Motion wherein he reiterates the above allegations, and adds that his trial counsel informed him that if he did not tender a plea of guilty and elected to go to trial he could face more than 70 months. [Id. at 7].

Petitioner was sentenced to 86 months in prison. [Criminal Case No. 03:09CR105, Doc. 15: Judgment]. Thus, if Petitioner's contention that his trial counsel was ineffective for advising him to plead guilty in return for a sentence of no more than 70 months is true, then Petitioner was armed with this argument on the date of his sentencing hearing, on August 25, 2010, some 13 months before his Section 2255 Motion would ultimately need to be filed. It is apparent that Petitioner did not even need his case file to make his ineffective assistance of counsel argument.

Petitioner's claim of prejudice due to the delay in the delivery of his file is further undermined by the fact that despite having more than a month

to examine his case file, he advanced no argument other than the one that would have been known to him on the date of his sentencing.

## III.  CONCLUSION

The record in this case makes plain that Petitioner suffered no prejudice through the delay in the production of his criminal case file. His argument that his trial counsel was ineffective would have been known to him on August 25, 2010, the date he was sentenced in open court to an 86-month term of imprisonment. After considering the applicable law, the record in this matter, and Petitioner's Response, the Court finds that Petitioner has not presented a sufficient reason to justify the extraordinary remedy of excusing his failure to file his Section 2255 Motion within one-year of the date his conviction and sentence became final.

The Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38, 123 S.Ct. 1029, 1039-1041, 154 L.Ed.2d 931 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000)

(when relief is denied on procedural grounds, a petitioner must establish both that dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS, THEREFORE, ORDERED** that Respondent's Motion to Dismiss is **GRANTED**. [Doc. 5].

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentence, [Doc. 1], is **DISMISSED** as being untimely. 28 U.S.C. § 2255(f)(1).

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

Signed: January 16, 2013

Martin Reidinger
United States District Judge